*In re* ESTATE OF BURWITZ.

BURWITZ *v.* BURWITZ.

1. WILLS—MENTAL COMPETENCY—EVIDENCE—OPIATES.

Mental competency of testator to make will *held,* established, where there was showing made that although testator's suffering from cancer required administration of opiates none was administered the day he executed the will and he was not then under the influence of an opiate.

2. SAME—UNDUE INFLUENCE—OPPORTUNITY.

Opportunity to exercise undue influence, alone, is insufficient ground for refusal to probate will.

3. SAME—EXECUTION—ATTESTING WITNESSES.

Fact that one witness, testator's nurse, did not see him sign will but did sign it upon statement of attorney who drew it that it was testator's will, which statement was made in his presence, *held,* insufficient to invalidate execution of will, where it appears she did know it was his signature, since the statute does not require that testator execute will in presence of attesting witnesses (3 Comp. Laws 1929, § 13482).

4. SAME—ATTESTATION IN ADJOINING ROOM.

Attestation of witness to will *held,* sufficient where performed in adjoining room within view of the testator (3 Comp. Laws 1929, § 13482).

5. SAME—SOLE BENEFICIARY—UNDUE INFLUENCE—EXECUTION.

Admission to probate of testator's will, executed in home of nephew who gave him shelter and care during his last sickness and who was made sole beneficiary *held,* justified, although attestation by his nurse as one witness, was within his view in adjoining room (3 Comp. Laws 1929, § 13482).

Appeal from Monroe; Root (Jesse H.), J. Submitted April 5, 1935. (Docket No. 114, Calendar No. 38,237.) Decided May 17, 1935.

John Burwitz presented the last will of William Burwitz for probate. Henry Burwitz filed objections thereto. Certified to circuit court.

Bill by Henry Burwitz against John Burwitz and wife to set aside conveyances of property. Cases consolidated for trial. Bill dismissed and will ordered probated. Plaintiff appeals. Affirmed.

*O'Brien, Nertney & McCluskey* (*Patrick H. O'Brien* and *Daniel P. O'Brien,* of counsel), for plaintiff.

*Francis T. Ready* and *Golden, Nadeau & Fallon,* for defendants.

WIEST, J. February 27, 1934, William F. Burwitz of Ida, Monroe county, executed his will, constituting John Burwitz, his nephew, sole beneficiary and, three weeks later, died from cancer. At the time of making the will he transferred, by other instruments, all of his real and personal estate to the same nephew. Henry Burwitz, a brother of the deceased, contested the will on the grounds of mental incompetency of testator and undue influence exercised by the beneficiary, and also filed a bill to have the mentioned transfers set aside. The two cases were heard as one by the court without a jury, and the will was admitted to probate and the bill to cancel the transfers dismissed. Review is prosecuted by Henry Burwitz.

The evidence established mental competency of testator; in fact there was no evidence to the contrary. Testator's suffering required the administration of an opiate at times, but none was administered the day he executed the will. There was no testimony that at that time he was laboring under any effect of an opiate; the testimony was all to the contrary. See *In re Cochrane's Estate,* 211 Mich. 370.

No undue influence was shown; for, outside of mere opportunity, that issue was barren of proof. We have repeatedly held that opportunity alone is insufficient. *In re Nosek's Estate,* 229 Mich. 559. It is true the will was executed at the home of the beneficiary, but there was a reason for testator being there, as we will point out later in this opinion.

One attesting witness was the nurse, and she testified that she did not see the will signed, and she signed in another room adjoining the room in which testator was in bed, and where he could see her in the act because of double doors between the two rooms. She helped testator get out of bed and heard the attorney, who drew the will, ask him if he wanted to make an assignment of everything to the nephew, and he answered "I do." She was told by the attorney, in the presence of testator, that it was Mr. Burwitz's will and she was asked to sign as a witness, and she knew it was Mr. Burwitz's signature.

Appellant claims that, under such proof, there was not due execution of the will. The statute (3 Comp. Laws 1929, § 13482) does not require that the "testator shall subscribe the will in the presence of the attesting witnesses." *In re Nosek's Estate, supra; In re Dougherty's Estate,* 168 Mich. 281 (38 L. R. A. [N. S.] 161, Ann. Cas. 1913 B, 1300). Signing as a witness in the adjoining room, within view of the testator, was sufficient. This point was adequately covered by Mr. Justice Nelson Sharpe in *Re Lane's Estate,* 265 Mich. 539.

The whole transaction, as clearly shown by the evidence, consistently disclosed full testamentary capacity, acts and intent on the part of the testator. Testator was 70 years of age, had been a section hand on the railroad for many years and, by thrift, had accumulated some property. He lived alone in

the village of Ida and, for many years, took his meals at a neighbor's house. His brother, the contestant, lived near Wayne and, outside of conveying a Christian Science healer to see testator, showed little concern for his welfare, and did not invite him to come to his home when he badly needed care on account of his disease. A sister of testator who lived in Toledo could not take him because she had an injured arm and was suffering from influenza. The nephew, John Burwitz, took testator to his home and kept him there until he died. While there testator sent for an attorney to come to see him, told him what he wanted to do, gave him a key to his safety deposit box in the Ida bank and asked him to make transfers of all of his property to the nephew, and prepare the will in suit.

The trial judge was fully justified, under the evidence, in finding the will executed in due form and in admitting it to probate. Admission of the will to probate ended the suit to set aside the transfers mentioned for the will left everything to defendant John Burwitz.

The judgment, admitting the will to probate, and the decree, dismissing the bill, are affirmed, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.